# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| United States of America<br>v.<br>**RYAN STENWICK**<br>*Defendant* | )<br>)<br>)  Case No.   24-mj-03161-KAR<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ (e) any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*
  ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; *and*
  ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ☐ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☐ History of violence or use of weapons
    ☐ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant Ryan Stenwick (Stenwick) has been indicted in the Eastern District of Pennsylvania on one count of cyberstalking in violation of 18 U.S.C. section 2261A(2); two counts of stalking in violation of 18 U.S.C. section 2261A(1); and one count of using fire in the commission of a federal offense in violation of 18 U.S.C. section 844(h). The government has moved for pretrial detention, arguing that there are no conditions of pretrial release that will reasonably assure the safety of another or the community if Stenwick is released pending trial and no conditions that will reasonably assure his appearance in court as required. As to the latter contention, the government relies principally on the length of the potential sentence Stenwick faces if he is convicted. Although Stenwick has been indicted in the Eastern District of Pennsylvania, he elected to assert his right to a pretrial detention hearing in the District of Massachusetts where he resides. By agreement, the parties proceeded by proffer at the detention hearing. The facts set forth herein come from the Pretrial Services Report (PSR), the government's exhibits, admitted without objection from Stenwick, and proffers from counsel.

The factors to be considered by the court include the nature and circumstances of the offense alleged; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. section 3142(g).

I. Danger to Another or the Community

1. The nature and circumstances of the offenses alleged are serious. The cyberstalking count is supported by an exceptionally disturbing video-recording showing coercion, abuse, and degradation of K.M. by Stenwick and a friend, including self-inflicted physical harm and sexual exploitation (Exh. 2). The stalking counts are based on the government's allegation that Stenwick paid an associate, Patrick McGovern Allen (Allen) to shoot at K.M.'s home while it was occupied and to firebomb the house of a minor victim, also while the home was occupied. Allen pled guilty to two counts of cyberstalking and one count of use of fire in the commission of a federal offense. While Allen did not identify Stenwick as an individual who commissioned these acts, the government has forensic evidence tending to show that Stenwick solicited their commission. Neither K.M. nor the minor victim were in their homes when the homes were firebombed and shot at because these victims had fled their homes to avoid swatting, violence, and on-line coercion by Stenwick and his associates. The seriousness of the offenses is reflected in the very substantial potential penalties that Stenwick will face if he is convicted. The nature and circumstances of the offenses weigh very strongly in favor of detention.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/12/2024                                                       Katherine Robertson
                                                                    United States Magistrate Judge

Stenwick, con't.

2. The weight of the evidence.

The government has forensic evidence of Stenwick's responsibility for the crimes with which he is charged in the form of video-recordings, text messages, and other material recovered from Stenwick's digital devices or obtained from other sources. A grand jury found probable cause to believe that he committed the offenses with which he is charged, and it further appears he has made some admissions of criminal conduct. These facts are "sufficient to demonstrate that the weight of the evidence favors detention." *United States v. Groves*, 693 F. Supp. 3d 106, 110 (D. Mass. 2023).

3. Stenwick's history and characteristics.

Stenwick is 24 years old (PSR at 1). He reported during his interview with the Probation Department that he was expelled from high school for threatening to bomb the school. He obtained a high school diploma and earned an associate's degree at a local community college (PSR at 2). He has no criminal history (PSR at 2). It follows that he has no history of failing to appear in court as required or of violating probation conditions. For its part, the government alleges that Stenwick is (or was) a member of a loosely affiliated group of individuals known as "the Com" who work together to gain access to protected financial systems through cyber-hacking to steal or extort funds, and protect and promote themselves through acts of swatting, intimidation, and terrorization. The Cellbrite extraction from Stenwick's cell phone, which was searched with his consent around the date of his arrest, appears to show a present intent to engage in cyber-hacking for profit, although the court cannot determine whether these text messages are merely posturing or evidence of intent and actual ability to engage in cyber-hacking for profit (Exh. 12). In any event, Stenwick's inability or unwillingness to change his

focus and activities even after he knew he was under investigation by law enforcement, does not speak to a character that is likely to refrain from illegal conduct while on pretrial release. *See United States v. Ramos-Meléndez*, CRIM NO. 24-77 (RAM), 2024 WL 1430783, at *6 (D.P.R. Apr. 3, 2024) (finding that the defendant's continued illegal contact with a minor victim after she knew that her illegal conduct had been discovered mitigated against pretrial release; collecting cases).

Stenwick has supportive family members in the Western Massachusetts community, including his mother, father, and brother, who live in the home in West Springfield where Stenwick was living when he was arrested. Stenwick's mother is a principal at a local public school. His father is retired and currently being treated for cancer. Stenwick's brother frequently works from home. Stenwick's immediate family members attended the detention hearing. The court does not doubt the family's support for the defendant, nor its commitment to attempting to assure his compliance with conditions of pretrial release if he is released pending trial. There is, however, abundant probable cause to believe that he committed the offenses that bring him before the court while he was living in the residence to which he proposes to return, with the same family members who either were unaware of his illegal and harmful conduct or were unable to deter him.

While there are aspects of Stenwick's personal characteristics and history that support pretrial release, including his age, lack of criminal history, and strong family ties, he has a history of threatening violence as far back as high school; there is probable cause to believe that he solicited another to commit life-threatening acts – firebombing and shooting at occupied homes – and the tone and content of his participation in the coercion and sexual degradation of K.M. are

reprehensible. Notwithstanding some positives, his personal history and characteristics weigh in favor of pretrial detention.

    4. Seriousness of the danger. Stenwick would pose a very serious danger to others and the community if he were to be released pending trial. There is probable cause to believe that he participated in cyber-stalking and swatting that severely disrupted and endangered the lives of his victims and their families. He has demonstrated a capacity for manipulating and coercing a vulnerable victim and taking pleasure in her degradation. He appears to have concealed his activities from the family members with whom he was living, and the fact of an on-going investigation did not dissuade him from at least discussing participation in further criminal conduct.

    Overall, the court finds that the government has met its burden by clear and convincing evidence that the defendant would pose a danger to another person or the community if he were released pending trial.

    II.    Risk of Flight or Non-appearance.

    Relying entirely on the possible length of the sentence Stenwick faces if convicted, the government also asserts that Stenwick poses a risk of flight or non-appearance if he is released. The court is not persuaded that pretrial detention is warranted based on risk of flight or non-appearance. The government has not shown that Stenwick has contacts in any federal judicial district other than Massachusetts or in any foreign country. His immediate family members live in West Springfield and he has lived at the same address since he was born (PSR at 1). According to the PSR, Stenwick reported that his parents support him. The government has not shown that he has the financial resources to flee. While it is possible that he would know how to obtain false identity documents through Internet contacts, the government has not made a

showing on this point. The court agrees with the government that a potentially lengthy sentence may be a powerful motivator for flight, but without some showing that a defendant has at least some of the knowledge and resources necessary for flight, the court is not persuaded that the prospect of a lengthy sentence, without more, would be a sufficient reason to detain Stenwick pending trial.

      III.    Conditions of Release.

The government having proved that Stenwick would pose a danger to another person or the community, the court turns to whether there are conditions of release that would reasonably assure the safety of another or the community if Stenwick is released. *See Groves*, 693 F. Supp. 3d at 110-11. The Probation Department recommended pretrial release on the conditions that Stenwick not be permitted to possess any device capable of connecting to the Internet, that he maintain employment (which had been at a local grocery store), that he not use any illegal controlled substance and that he submit to testing, that he avoid all contact, direct or indirect with any victim in the case, and that he not have any contact with any individual under the age of 18. Through counsel, Stenwick proposed as an additional condition that members of his immediate family would serve as a third-party custodians to ensure his compliance with conditions of release.

The court is not persuaded that the proposed conditions will reasonably ensure the safety of another or the community if Stenwick is released pending trial. While Stenwick's parents and his brother live in the home, and, again, the court does not doubt his family's intention to assure his compliance with any release conditions set by the court, the presence of his family members did not deter Stenwick from the alleged illegal conduct that brings him before the court. Nor, based on the Cellbrite extraction, did the information that his activities were already under

investigation by law enforcement dampen his enthusiasm for cyber-hacking (Exh. 12). It appears that Stenwick's life for the last five years or so has, for the most part, been lived on-line. At the hearing, defense counsel argued that Stenwick should be released because he will not present any danger to the community without access to the Internet. That may be true, but the grave risk of harm to others that Stenwick poses when he has access to the Internet is a major barrier to pretrial release. As a number of courts have observed, a defendant's "access to electronic devices or the Internet would be difficult, if not impossible, to prevent. That is true whether the devices are located in [his] home, at work, or anywhere along the route to and from a place of employment." *Groves*, 693 F. Supp. 3d at 111; *see also United States v. Rosa-Martinez*, Crim. No. 24-257 (GMM), 2024 WL 4441725, at *7 (D.P.R. Oct. 7, 2024) (observing that the Probation Department would have limited ability to ensure that the defendant had no access to devices with Internet capabilities; noting the ubiquity of such devices in society; and collecting additional cases making this point). There is a very real possibility that Stenwick, with his history and personal characteristics as shown by the government's evidence, would not comply with the condition to refrain from all on-line activity, and the harm that might result if he does engage in such activity is a risk that the court cannot countenance.

In short, and under the circumstances, the court is not convinced that there is a condition or a combination of conditions that would reasonably assure the safety of another or the community if Stenwick is released pending trial.